United States District Court
Southern District of Texas
**ENTERED**
August 15, 2018
David J. Bradley, Clerk

N UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:15-CR-947 |
| § | (CIVIL ACTION NO. 2:18-CV-169) |
| TAYLOR ALAN MILLS § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255,
AND DENYING A CERTIFICATE OF APPEALABILITY**

Taylor Alan Mills ("Mills") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 48). The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2018) (2255 Rules). The Court dismisses Mills' § 2255 motion because the motion is untimely and denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

On December 1, 2015, Mills pleaded guilty to coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b). (D.E. 27). On February 9, 2016, the Court entered judgment, sentencing him to 300 months' imprisonment. (D.E. 27). He appealed the Court's sentence, arguing that the Court should not have considered his prior Texas deferred adjudication in enhancing his sentence, and that his 300-month sentence violated the Eighth Amendment. *See* (D.E. 44). The Fifth Circuit affirmed. (D.E. 44). On April 17, 2017, the Supreme Court denied

Mills' petition for a writ of certiorari. (D.E. 47). Mills mailed his § 2255 motion on May 12, 2018. (D.E. 48, Page 12). On July 6, 2018, the Court ordered Mills to show cause why his motion should not be denied as untimely, and Mills mailed his Response to that Order on August 3, 2018. (D.E. 50; D.E. 51).

### III. MOVANT'S ALLEGATIONS

Mills asserts two main claims. First, that the U.S.S.G. § 4B1.5(a) enhancement based on his prior Texas deferred adjudication was erroneous and violates due process. (D.E. 48, Page 4). Second, that he received ineffective assistance of counsel because his counsel (1) failed to properly investigate the crime of conviction and prior crimes; (2) "failed to properly interpret the USSG Manual"; (3) failed to advocate for him and act as the Government's adversary; (4) failed to ensure he understood the plea agreement; (5) failed to provide sentencing mitigation evidence; and (6) failed to raise on appeal the § 4B1.5(a) claims Mills now urges. (D.E. 48, Pages 4-5; D.E. 49, Pages 3-4).

### IV. ANALYSIS

#### A. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth

---

[1] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Mills' conviction became final on April 17, 2017, when the Supreme Court denied his petition for certiorari. *See Clay*, 537 U.S. at 527 ("Finality attaches when this Court . . . denies a petition for a writ of certiorari . . . ."). Mills was required to file his motion to vacate no later than April 17, 2018. Mills asserts in his Motion that the Motion is timely because it was filed within one year of the Supreme Court's denial of review. (D.E. 48, Page 10). However, Mills' Motion declares, under penalty of perjury, that the Motion was placed in the prison mailing system on May 12, 2018, almost a month too late. (D.E. 48, Page 12); *see* Rule 3(d), § 2255 Rules.

Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy that burden, Mills must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. . . ." *Id*. (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

In his Response to the Court's Order to Show Cause Regarding Limitations, Mills advances a number of arguments for equitable tolling. He claims (1) that there were multiple lockdowns during the preparation of his filings; (2) that he originally mailed his § 2255 motion on April 9, 2018, but that it was returned for insufficient postage; (3) that he is an inexperienced *pro se* litigant; and (4) that he never received a copy of the order denying certiorari and had to

rely on a letter from counsel informing him of the denial, which caused him to miscalculate the date on which his conviction became final. (D.E. 51).

Even if Mills had demonstrated that he diligently pursued his rights, which is doubtful, he has not shown the existence of any "extraordinary circumstance" that would justify equitable tolling. *See Petty*, 530 F.3d at 365. Prison lockdowns generally do not justify equitable tolling. *See, e.g.*, *Coppin v. United States*, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018); *United States v. Ramirez*, 2010 WL 837446, at *3-4 (S.D. Tex. Mar. 4, 2010) (citing cases); *see also Lewis v. Casey*, 518 U.S. 343, 362 ("[L]ockdown prisoners routinely experience delays in receiving legal materials or legal assistance, . . . but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury . . . ."). Mills gives virtually no details about the duration, timing, or number of lockdowns that occurred during his filing period, but it is clear that the lockdowns were not the actual cause of his untimely filing. *See* (D.E. 51, Pages 1-2). A prisoner has "the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner. . . . Failure to stamp or properly address outgoing mail . . . does not constitute compliance with this standard." *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). The cause of Mills' untimeliness was not the lockdowns, but the fact that Mills waited until eight days before his filing deadline to mail his § 2255 motion, and that he failed to use adequate postage on that first attempt. *See Ramirez*, 2010 WL 837446, at *4 ("[I]t was Ramirez's failure to file his § 2255 motion during the first eleven and one-half months of the time period that is the cause for his current predicament.").

As to Mills' other arguments for tolling, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA [§ 2255] statute of limitations." *See Petty*, 530 F.3d at 366. Although equitable tolling can sometimes be justified where a petitioner is not notified of a court's decision, *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), Mills acknowledges that his attorney notified him of the denial of certiorari. (D.E. 51, Page 2). Mills does not specify how his attorney's letter caused him to miscalculate the date on which his conviction became final, but "mere attorney error or neglect is not an extraordinary circumstance to justify equitable tolling." *See Petty*, 530 F.3d at 367 (citing *Riggs*, 314 F.3d at 799). Mills has failed to show entitlement to equitable tolling. *See id.* at 365.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Mills has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This

standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Mills is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Mills' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 48) is DISMISSED as untimely and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 15th day of August, 2018.

                                                  Janis Graham Jack
                                                  Senior United States District Judge